IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


APPLIED UNDERWRITERS V. SKY MATERIALS CORP.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC.,
AN IOWA CORPORATION, APPELLANT,

V.

SKY MATERIALS CORP., A NEW YORK CORPORATION, APPELLEE.


Filed November 12, 2019.    No. A-19-308.


Appeal from the District Court for Douglas County: THOMAS A. OTEPKA, Judge. Affirmed.

Jeffrey A. Silver for appellant.

Nicholas K. Rudman, of Baird Holm, L.L.P., for appellee.


RIEDMANN, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Applied Underwriters Captive Risk Assurance Company, Inc. (AUCRA), brought suit against Sky Materials Corp. (Sky Materials) seeking to recover $4,846,447.92 that AUCRA claimed it was owed under the parties' Reinsurance Participation Agreement (RPA). The Douglas County District Court dismissed AUCRA's complaint finding that it did not have personal jurisdiction over Sky Materials and also acknowledging, alternatively, that dismissal would also be appropriate pursuant to Neb. Rev. Stat. § 25-538 (Reissue 2016). For the reasons set forth herein, we affirm.

### STATEMENT OF FACTS

AUCRA is an Iowa corporation with its principal place of business in Omaha, Nebraska. Sky Materials is a New York corporation that exclusively performs construction services within

- 1 -

New York. AUCRA alleged that Sky Materials executed an RPA with AUCRA in April 2016, that AUCRA performed all conditions precedent required under the RPA, and that Sky Materials breached the agreement by failing to pay $4,846,447.92. AUCRA brought suit against Sky Materials to recover $4,846,447.92. Sky Material filed an answer to AUCRA's complaint with affirmative defenses (including lack of personal jurisdiction) and a demand for a jury trial. Thereafter, Sky Materials filed a motion to dismiss on the grounds of lack of personal jurisdiction and the doctrine of forum non conveniens.

At the hearing on Sky Materials' motion to dismiss, evidence was adduced by affidavit. This evidence set forth that Sky Materials is a New York entity that purchased insurance through a New-York-based insurance broker which selected the California Insurance Company (CIC) to provide workers' compensation insurance coverage for Sky Materials' New York employees; that, as a condition of receiving workers' compensation insurance from CIC, Sky Materials was advised it was also required to enter into a RPA with AUCRA; that Sky Materials never entered Nebraska to engage in business or execute any documents in connection with the RPA; that Sky Materials exclusively performs construction services within New York; that Sky Materials' owner, management, laborers, and dealings with clients are all located within New York; and that Sky Materials does not engage in business in Nebraska and does not have officers, directors, management, employees, or property located in Nebraska.

The district court granted Sky Materials' motion to dismiss specifically finding that (1) the forum selection clause in the RPA was unenforceable under Nebraska's Model Choice of Forum Act because Nebraska was not a reasonably convenient place for trial; (2) Sky Materials did not have sufficient minimum contacts under Nebraska's long-arm statute and, even if minimum contacts did exist, fair play and substantial justice prevented the court from exercising personal jurisdiction over Sky Materials; and (3) in the alternative, dismissal was also appropriate pursuant to § 25-538. AUCRA has timely appealed the district court's order dismissing its complaint.

ASSIGNMENTS OF ERROR

AUCRA assigns as error, renumbered, that the district court erred (1) in finding that it lacked personal jurisdiction over Sky Materials under Nebraska's Model Uniform Choice of Forum Act; (2) in finding that it lacked personal jurisdiction over Sky Materials under Nebraska's long-arm statute; (3) in finding that although minimum contacts did not exist, fair play and substantial justice prevented the imposition of personal jurisdiction over Sky Materials; (4) Sky Materials did not waive its right to challenge personal jurisdiction by demanding a jury trial and seeking a judgment against AUCRA; and (5) in finding that it lacked personal jurisdiction over Sky Materials under the RPA.

STANDARD OF REVIEW

When reviewing an order dismissing a party from a case for lack of personal jurisdiction under § 6-1112(b)(2), an appellate court examines the question of whether the nonmoving party has established a prima facie case of personal jurisdiction de novo. *Nimmer v. Giga Entertainment Media*, 298 Neb. 630, 905 N.W.2d 523 (2018); *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019).

In reviewing the grant of a motion to dismiss, an appellate court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Nimmer v. Giga Entertainment Media, supra*; *Applied Underwriters v. E.M. Pizza, supra*.

ANALYSIS

We first note that, as to the first three assignments of error raised by AUCRA in this appeal, there does not appear to be any meaningful distinction between the dispositive facts of this case and the facts in *Applied Underwriters v. E.M. Pizza, supra*, in which we held that the court lacked personal jurisdiction in relation to the same issues and errors assigned now. We further note that as to assignments of error four and five, the district court did not address those assignments in its order and there does not appear to be anything in the record before us indicating that AUCRA presented these issues to the district court. See, *Ecker v. E & A Consulting Group*, 302 Neb. 578, 924 N.W.2d 671 (2019) (holding issue not presented to or decided on by trial court is not appropriate issue for consideration on appeal); *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017) (it is appellant's burden to create record for appellate court which supports errors assigned).

Assuming, without deciding, there is some meaningful legal distinction between this case and *Applied Underwriters v. E.M. Pizza, supra*, and that AUCRA did present the issues assigned as four and five to the district court, we note that the district court separately determined that dismissal of AUCRA's complaint was alternatively appropriate pursuant to § 25-538. This statute provides that "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." Thus, the district court's order provided a separate, independent, statutory justification for dismissing AUCRA's complaint which AUCRA has not appealed. Because there was a separate basis upon which the district court dismissed AUCRA's complaint which basis AUCRA did not appeal to this court, it is not necessary to review the assignments of error challenging an alternative basis for dismissal. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *City of Sidney v. Municipal Energy Agency of Neb.*, 301 Neb. 147, 917 N.W.2d 826 (2018).

CONCLUSION

In sum, because the district court's dismissal of AUCRA's complaint was separately supported by the court's finding that pursuant to § 25-538, substantial justice dictated that the matter should be heard in another forum, which AUCRA did not appeal, we are not obligated to engage in an analysis of AUCRA's five assigned errors relating to an alternative basis for dismissal of AUCRA's complaint.

AFFIRMED.